**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY BAILEY, | No. 18-15139 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01954-JCM-CWH |
| v. | |
| RICH SUEY, Cpt.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Former Clark County pretrial detainee Anthony Bailey appeals pro se from

the district court's summary judgment for failure to exhaust administrative

remedies in his 42 U.S.C. § 1983 action challenging his conditions of confinement.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

court's legal rulings on exhaustion. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary judgment because Bailey failed to appeal fully the denial of his grievance, and Bailey failed to raise a genuine dispute of material fact as to whether there was "something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

We do not consider matters not distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**